# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: VTRAN MEDIA TECHNOLOGIES   :   MDL Docket No. 1948
LLC, PATENT LITIGATION   :

## MEMORANDUM RE: SUMMARY JUDGMENT

**Baylson, J.**  **December 13, 2010**

In a Memorandum and Order dated September 17, 2010 (ECF Nos. 98 and 99), the Court indicated that based on the summary judgment proceedings to date, Defendants had shown that they were entitled to a grant of summary judgment on all of Plaintiff's claims. The Court decided to delay entry of summary judgment to give Plaintiff one final opportunity to file an affidavit pursuant to F. R. Civ. P. 56(f), showing why it should be granted additional discovery on alleged factual issues that Plaintiff contends preclude the entry of summary judgment.

Thereafter, Plaintiff did file a Motion Pursuant to Rule 56(f) with an affidavit in support, but without a Memorandum of Law (ECF No. 100). Defendants responded (ECF No. 101). Plaintiff's affidavit fails to satisfy Rule 56(f) and this Court's specified requirements in the prior Memorandum and Order. Specifically:

1. Although the Court specifically required Plaintiff to state why it did not previously file a Rule 56(f) affidavit, Plaintiff does not do so. The Memorandum indicated that Plaintiff had three opportunities and/or obligations to file a Rule 56 affidavit while the Defendants' Motion for Summary Judgment was pending, but failed to do so on any occasion. There is nothing in Plaintiff's Motion or supporting affidavit that responds to or explains this failure.

2. Although the Court required specificity as to Plaintiff's request for discovery,

Plaintiff's request for discovery in the Motion and affidavit are extremely general. First, Plaintiff proposes taking additional discovery on one issue in the case in which the Court already indicated that it would deny summary judgment, i.e., the disputed claim term, "view - requested time." As to the remaining disputed claim term, "a television transmission system," the Court had indicated that Plaintiff's Rule 56 affidavit should be specific in terms of the discovery that was requested. The Court stated:

> "In doing so, VTran must be very specific, either by naming deponents or detailing the subject matter of a deposition that it would take pursuant to Rule 30(b)(6) of a corporate designee. In addition, VTran should detail . . . what facts it expects to learn from these depositions, why it cannot secure the information from either its own witnesses, its own experts, or from documents it has already received, and how that deposition would aid the Court and result in denial of Defendants' Motion for Summary Judgment, on the 'television transmission system' issue."

(Memorandum, ECF No. 98 at 27).

Plaintiff's affidavit does not designate a single deponent by name or designate a single corporate designee by title or duties. Plaintiff does not state any reasons why it cannot use information in possession of its own witnesses or experts, or documents already obtained in discovery.

3.  Plaintiff also asks for leave to serve interrogatories and requests for production, without specification. Plaintiff had unlimited opportunity to serve written discovery prior to the summary judgment proceedings. See ECF No. 67. As far as the Court knows, interrogatories and Rule 34 requests were served and responded to. As the Court noted in its prior Memorandum, p. 2, no discovery disputes were the subject of any motion or otherwise brought to the Court's attention before the Court turned to the Defendants' Motion for Summary Judgment.

The focus of the discussion at oral argument was on depositions. Plaintiff has not justified a new round of written discovery requests.

4. Lastly, on the "television transmission system" issue, Plaintiff seeks discovery concerning QAM Tuner capabilities, as to which the Court has already ruled would not provide any grounds to deny summary judgment. Also, Plaintiff, in its reply brief in support of summary judgment, asserted that some products from some Defendants do not infringe because they encrypt their VOD transmission. However, there is no specificity as to any requests for discovery.

The Court has once again reviewed the Third Circuit jurisprudence on Rule 56 affidavits, which supports the Court's conclusion that Plaintiff's showing is inadequate based on the prior Memorandum, and the Defendants are entitled to summary judgment. Further, the Court notes that the Federal Circuit "look[s] to regional circuit procedural law for precedential guidance concerning practice under Rule 56(f)." Serdarevic v. Advanced Med. Optics, Inc., 532 F.3d 1352, 1363 (Fed. Cir. 2008) (quotation marks omitted).

A Rule 56(f) affidavit must "identify with specificity 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (quoting Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir. 1989)). Failure to satisfy the St. Surin factors will result in denial of a Rule 56(f) motion. See, e.g., Scott v. Graphic Commc'ns Int'l Union, Local 97-B, 92 F. App'x 896, 900-01 (3d Cir. 2004) (finding no abuse of discretion in district court's denial of Rule 56(f) motion because plaintiff did not identify sources of information, how it was pertinent, or any conduct by defendants preventing discovery); Horvath v. Keystone Health

3

Plan E., Inc., 333 F.3d 450, 459 (3d Cir. 2003) (affirming district court's denial of Rule 56(f) motion because information sought was previously subject of denied motion to compel, "none of the information described in the affidavits would have precluded" summary judgment, and plaintiff failed to submit more narrowly tailored requests to compel discovery).

The Third Circuit reiterated the St. Surin factors most recently in a precedential opinion, Doe v. Abington Friends School, 480 F.3d 252 (3d Cir. 2007). The Court noted that a party moving under Rule 56(f) needs to accompany the motion with a supporting affidavit detailing "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Id. at 255 n.3 (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988)). In Abington Friends, the Third Circuit vacated summary judgment because plaintiffs complied with the St. Surin factors, indicating the information sought and its sources, its pertinence, and why plaintiffs could not have previously obtained the information, e.g. defendant's failure to respond. Id. at 258.

VTran's Motion in this case lacks the specificity demonstrated in Doe. VTran lists the information only in general categories. But there is no indication why VTran did not precisely seek this information, let alone the identity of those holding such information. Further, VTran does not indicate how this information, if obtained, would preclude summary judgment in Defendants' favor. Finally, with regard to the inability to obtain the information, VTran contends that Defendants "cherry picked" their discovery, but does not offer any support for this accusation and, in fact, did not seek to compel disclosure of any omitted discovery material.

An appropriate Order follows.

O:\CIVIL\VTRAN Media MDL 1948\VTRAN - Memo 12-13-10.wpd